UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHORELEY GIBBS, on behalf of himself and those similarly situated,

    Plaintiff,

CASE NO.:

vs.

RAMCO PROTECTIVE OF ORLANDO, INC.,
a Florida for Profit Corporation,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**
**(Collective Action)**

COMES NOW the Plaintiff, SHORELEY GIBBS ("Plaintiff"), on behalf of himself and those similarly situated, by and through the undersigned counsel, and hereby files this Complaint against the Defendant, RAMCO PROTECTIVE OF ORLANDO, INC. ("Defendant"), a Florida for Profit Corporation, for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and alleges as follows:

**INTRODUCTION**

1. This is an action by the Plaintiff, on behalf of himself and others similarly situated, against his former employer for unpaid overtime wages

pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq*. Jurisdiction is proper in this court pursuant 29 U.S.C. § 216.

## VENUE

3. The venue of this Court over this controversy is proper based upon the claim(s) arising within this District.

## PARTIES

4. Plaintiff and the class members worked as Security Officers for Defendant in Florida.

5. Plaintiff was an employee of the Defendant form approximately November 2020 until January of 2021.

6. Upon information and belief, Defendant, RAMCO PROTECTIVE OF ORLANDO, INC., provides security and surveillance services and products.

7. Defendant's principal place of business is located in Altamonte Springs, Seminole County, Florida.

## **FLSA ENTERPRISE COVERAGE**

8. At all material times, Defendant was an enterprise subject to the FLSA's provision on overtime wages.

9. At all times material hereto, Defendant was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

10. At all material times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person (i.e., alarm parts, surveillance equipment, uniforms, telephones and/or other mobile devices).

11. Defendant's employees utilized and/or transported goods which engaged in interstate commerce, handling or otherwise working with materials that have been moved in or produced for interstate commerce (i.e., alarm parts, surveillance equipment, uniforms, computers, telephones and/or other mobile devices).

12. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

13. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

3

14. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time period.

## FACTUAL ALLEGATIONS

15. Plaintiff worked as a Security Officers for the Defendant in the state of Florida.

16. As a Security Officer, Plaintiff's job duties included but were not limited to, patrolling and surveilling premises; inspecting grounds; preventing loss or damage by reporting irregularities; informing violators of policies and procedures; and, keeping track of visitors and trespassers.

17. Plaintiff was paid at a rate of $13.00 per hour.

18. Plaintiff was a full-time employee.

19. Plaintiff and those similarly situated did not have discretion and independent judgment with respect to matters of significance.

20. Plaintiff and the class members were assigned work by supervisors.

21. Plaintiff and the class members were assigned job locations by supervisors.

22. Plaintiff and the class members were assigned schedules by supervisors.

23. Plaintiff was an "employee" of Defendant within the meaning of FLSA.

24. Throughout his employment with Defendant, Plaintiff worked in excess of forty (40) hours per work week during one or more work weeks.

25. Plaintiff worked an average of five (5) hours over 40 hours per week.

26. Defendant knew or should have known of Plaintiff's schedule and hours worked each week.

27. Plaintiff was eligible to be paid overtime pay at time and one half his regular rate of pay.

28. Plaintiff has not been compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

29. Due to this pay policy or practice by the Defendant, Plaintiff was not properly paid overtime compensation for overtime hours worked.

30. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

31. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

32. Plaintiff complained to Defendant regarding how he was paid.

33. Defendant did not investigate Plaintiff's claims.

34. Because Defendant refused to correct the manner in which Plaintiff is paid, Plaintiff is owed overtime pay for all hours worked over 40 hours per week for the past three (3) years.

## COLLECTIVE ACTION ALLEGATIONS

39. Defendant employs other Security Officers as part of its business operations.

40. Security Officers perform similar job duties as Plaintiff in that they patrol and surveil premises; inspect grounds; prevent loss or damage by reporting irregularities; inform violators of policies and procedures; and, keep track of visitors and trespassers.

41. Upon information and belief, Defendant also paid class members an hourly rate.

42. Upon information and belief, Security Officers were full-time employees.

43. Defendant's Security Officers are the putative class members for this potential collective action.

44. The class members were treated equally by Defendant.

45. Plaintiff and class members worked in excess of forty (40) hours per work week during one or more work weeks.

46. The class members worked a similar amount of average overtime hours as Plaintiff

47. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were subject to working without receiving proper compensation in the form overtime pay.

48. Defendant's common policy violations have caused Plaintiff and the class members to receive less than time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

49. Thus, the class members are similar with regard to their wages for the same reasons as Plaintiff.

50. Plaintiff and all class members worked in the State of Florida.

51. Plaintiff and all class members in the State of Florida were not guaranteed time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

52. During the relevant period, Defendant violated the FLSA, by improperly paying Plaintiff and the class members.

53. As to the FLSA claims, Plaintiff seeks conditional certification under 29 U.S.C. §216(b):

> **All Security Officers who worked for Defendant within Florida during the last three (3) years preceding this lawsuit who were not paid time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.**

54. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

55. Plaintiff re-alleges and incorporates paragraphs 1-54 as if fully set forth herein.

56. Plaintiff and those similarly situated regularly worked in excess of forty (40) hours per week.

57. Plaintiff and those similarly situated were not properly compensated at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours each workweek.

58. Plaintiff and those similarly situated were and are entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

59. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

60. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff and those similarly situated for overtime for all hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

61. Defendant failed to properly disclose or apprise Plaintiff and those similarly situated of their rights under the FLSA.

62. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and those similarly situated suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

63. Plaintiff and those similarly situated are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

64. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to the Plaintiff and those similarly situated by virtue of the management policy, plan, or decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

65. Based upon information and belief, Plaintiff and those similarly situated were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay proper overtime wages.

66. Plaintiff and those similarly situated demand a trial by jury.

67. Defendant violated Title 29 U.S.C. §207 for the relevant period of time in that:

    a. Plaintiff and those similarly situated worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments, and provisions for payment, have been made by

Defendant to properly compensate Plaintiff and those similarly situated at the statutory rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c.    Defendant failed to maintain proper time records as mandated by the FLSA.

WHEREFORE, Plaintiff, on behalf of himself and those similarly situated, respectfully prays for the following relief:

    a.    Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Security Officers who work or have worked for Defendant during the Collective Period. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

    b.    payment to him and all class members of overtime wages for all hours worked in excess of forty (40) hours per work week at the correct rate pursuant to the FLSA;

    c.    an equal amount of liquidated damages pursuant to the FLSA, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

  d. reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiffs in prosecuting this case pursuant to the FLSA;

  e. conditional certification of this case as a class action under the provisions of 29 U.S.C. §216(b);

  f. a reasonable service award for the named Plaintiff to compensate her for the time he spent attempting to recover wages for FLSA Collective Members and for the risks he took in doing so; and

  g. Any other relief that Plaintiff and the class members may be due or entitled.

  h. Any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable against Defendant.

Date: <u>April 16, 2021</u>.    Respectfully submitted,

               <u>*/s/ Carlos V. Leach*</u>
               Carlos V. Leach, Esq.
               FL Bar No.: 540021
               The Leach Firm, P.A.
               631 S. Orlando Ave., Suite 300
               Winter Park, Florida 32789
               Telephone: (407) 574-4999
               Facsimile: (833) 423-5864
               E-mail: cleach@theleachfirm.com
               E-mail: npacheco@theleachfirm.com
               **Attorneys for Plaintiff**